**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                          No. 00-4525

WILLIAM T. ANDERSON,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-1105)

Submitted: March 30, 2001

Decided: May 2, 2001

Before LUTTIG, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert J. Tinsley, Sr., Greenwood, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Isaac Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William T. Anderson pled guilty to possessing a firearm after he was convicted of a felony, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He appeals the seventy-month sentence imposed by the district court, arguing that the court erred in finding that he used the gun in connection with another felony offense, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998), and by assigning him one criminal history point for each of two prior domestic violence sentences rather than excluding them under USSG § 4A1.2(c)(1). We affirm.

On July 5, 1999, Anderson became involved in an altercation with Greg Vaughn outside the mobile home where Anderson lived. At some point, Vaughn was armed with a claw hammer.[1] Anderson went inside his trailer, retrieved a revolver, and came outside with it. Anderson was charged in state court with pointing and presenting a firearm in violation of S.C. Code Ann. § 16-23-410 (Law. Co-op. Supp. 2000). Anderson subsequently pled guilty to the federal firearms offense.

During his interview with the probation officer, Anderson admitted pointing the gun at Vaughn, and the probation officer recommended a four-level enhancement under USSG § 2K2.1(b)(5) on the ground that Anderson had used or possessed the gun in connection with another felony, i.e., pointing and presenting a firearm. During sentencing, Anderson would only admit to presenting the gun. His attorney argued that Anderson had acted in self-defense, but based on Anderson's admission that he presented the firearm, the district court overruled his objection to the enhancement.

Before an enhancement under § 2K2.1(b)(5) is applied, the government must prove by a preponderance of the evidence facts that establish that the defendant used a firearm and that such use was in connection with another felony offense. The district court's findings

---

[1]A witness reported that Anderson was the first to arm himself—with a knife. Anderson denied this.

of fact are reviewed for clear error. *United States v. Garnett*, ___ F.3d ___, 2001 WL 246058, at *2 (4th Cir. Mar. 13, 2001); *see also United States v. Nale*, 101 F.3d 1000, 1004 & n.3 (4th Cir. 1996). Anderson argues on appeal that he acted in self-defense. However, at sentencing Anderson did not present any evidence in support of his claim that he acted in self-defense. A defendant who contests information in the presentence report has an affirmative duty to show that the information is inaccurate or unreliable. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Anderson did not meet this burden. In fact, his attorney conceded that, had he gone to trial on the state charges, he probably would have been convicted because, after he retreated from Vaughn into his trailer, he emerged again and presented the firearm. Therefore, the district court did not clearly err in finding that Anderson had used the gun in connection with the felony offense of pointing and presenting a firearm.

Anderson also argues that no separate felony occurred because the state charges were dismissed. Application Note 7 to § 2K2.1 provides that a felony offense, "as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." The offense of pointing or presenting a firearm is a felony punishable by five years imprisonment. S.C. Code Ann. § 16-23-410. Thus, the district court correctly found that dismissal of the state charge was not relevant to the determination of Anderson's sentence.

Anderson argues that the fines imposed on him for his prior domestic violence convictions should not have been counted in his criminal history because domestic violence is not similar to the instant offense. However, § 4A1.2(c) provides that misdemeanor and petty offenses are counted, except for certain offenses listed in subsection (1) and offenses similar to them. Domestic violence is not listed as an excludable offense, and the district court found that it was not similar to the listed offenses, which are all non-violent or can be committed in a manner which does not involve harm to another person.[2] These

---

[2]The listed excludable offenses are: careless or reckless driving; contempt of court; disorderly conduct or disturbing the peace; driving with-

offenses are only counted if: (1) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (2) the prior offense was similar to the instant offense. Because criminal domestic violence is not a listed excludable offense and is not similar to the listed offenses in that it is a violent offense, we find that the district court did not err in finding that Anderson's fines for his prior domestic violence convictions were not excludable under § 4A1.2(c)(1).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

out a license or with a revoked or suspended license; false information to a police officer; fish and game violations; gambling; hindering or failure to obey a police officer; insufficient funds check; leaving the scene of an accident; local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law); non-support; prostitution; resisting arrest; and trespassing. USSG § 4A1.2(c)(1).